Trezvant, J.
I am of opinion that the judgment ought to be arrested in this case, because of the conclusion of the indictment being against the form of the statute in such case made and pro»' vided, and made of force in this State, instead of charging' the of. fence to have been committed against the act of the general assem. bly. Although the title of our act of' assembly speaks of making «Je British statute of force' in this country, yet there is no enacting;* *42 clause for that purpose. (SeeP. L. 147.) The act itself create» the offence in the language of the British statute; but this can g^e no more support to this mode of concluding the indictment,than it would have done if the British statute had never been men. honed in the title of the act. The style of this act differs very widely from that of the act by which most of the British statutes were adopted,- and which are now of force in this State. This ground being fatal to the indictment, it is unnecessary to give any opinion upon the others.
Brevard and Mathis, for the prisoner. James, Solicitor of Northern Circuit, for the State.
But the defendant’s counsel also moves to have him discharged, In my opinion he ought not to be discharged, but ought to be indicted again. Vaux’s ease, 4 Rep. 45. The indictment being insufficient, his life was never in jeopardy.
The judgment was arrested ; but the prisoner was remanded to the gaol of Kershaw district, and ordered to be indieted again: before-the next court, however, he made his escape, and left the State.
Ramsay, J,,
presided at the trial.